The East Ninth Euclid Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32227. Promulgated April 26, 1933.

*Oscar I. Koke, C. P. A.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

Van Fossan: The report of the Board upon the original hearing of this case, promulgated May 10, 1932 (26 B. T. A. 32), sustained the respondent's contention in all respects and directed that decision be entered accordingly. On the following day a decision finding a deficiency of $6,300 for the year 1923 was entered. The petitioner moved for a rehearing on June 28, 1932, and the respondent filed a memorandum in support of petitioner's motion, entirely reversing the position taken by respondent in the notice of deficiency and on brief previously filed in the same case. On July 8, 1932, respondent, for whom decision had been entered on May 11, 1932, filed a separate motion praying that petitioner's motion for rehearing and reconsideration be granted. In the motion it is asserted that the brief above referred to and filed by respondent was in conflict with the position then being taken and in conflict with his " present rulings."

The motion for rehearing was granted and the rehearing held September 12, 1932, at which time the exhibits originally presented were again submitted. One witness not previously heard was called.

His testimony was not such as to require any material change in the findings of fact included in our original report, which findings of fact are herein incorporated by reference.

In the original opinion we held that bond discount is a cost of acquiring capital and he who incurs it is entitled to recover the same by deductions from income, spread over the life of the bonds; further, that on sale of the property the unrecovered cost of financing is not to be added to the cost of property sold to determine gain or loss, but may be charged off and deduction taken from gross income.

It was then decided, on the facts of the case, it appearing that the two bond issues were wholly separate, there being no exchange or substitution of bonds of the new for those of the old issue, petitioner's right to claim a deduction for unamortized bond discount matured when the old bond issue was retired. Consequently respondent correctly declined to allow the deduction in a subsequent year.

Our former decision in this case was not based on a lack of proof. We specifically held that there was no exchange of bonds or substitution of the new issue for the old, and that accordingly the unamortized bond discount applicable to the old issue could not attach to the new bond issue. At the time the general matter of financing was discussed with the bankers, it was deemed advisable to provide temporary or short-term financing which should be superseded by a long-term issue after conditions improved. This plan was followed, as outlined in our previous report. The aggregate amount of the old bond issues was much less than the new issue. The purchasers of the old bonds were not required by the deeds of trust to exchange these bonds for those subsequently to be issued. The fact that some of the holders of the original issues became purchasers of the new bonds did not make the transaction an exchange of bonds. *New York, Chicago & St. Louis R. R. Co.*, 23 B. T. A. 177; affd., 64 Fed. (2d) 152. Nor did the redemption before maturity and retirement of the old bonds work a substitution. There is nothing in the proof submitted at the rehearing that causes us to alter the conclusion stated in our former opinion. Such being the situation presented, it is not necessary to decide what the rights of the taxpayer would be had there been an exchange of bonds pursuant to corporate authorization.

We affirm our previous decision in all respects.

Reviewed by the Board.

*Decision will be entered for the respondent.*