*33 OPINION.
ARunbell:
The pleadings raise an issue concerning a deduction for patent rights allegedly worthless, but no evidence was offered on this question, except the stipulated amount of expenditures in connection with the acquisition and development of the patent rights, and on brief counsel for petitioner abandoned this issue.
*34 On the other issues, in addition to the facts that we have found, the parties have stipulated that there is no dispute as to the correctness of the amounts claimed by petitioner as deductions for the year 1929.
We take it as established law that the discount and expenses incurred in connection with the disposal of bonds or other obligations of indebtedness are a part of the cost of the funds secured, and should normally be amortized over the time the obligations are to be outstanding. United States Playing Card Co., 15 B.T.A. 975; East Ninth Euclid Co., 26 B.T.A. 32; affirmed on rehearing, 27 B.T.A. 1289. We think it is equally well established that a deduction is allowable when the obligations so sold at a discount are retired before maturity, the measure of the deductible amount being the unamortized discount and expense in connection with the issuance of the security which has not theretofore been charged off. American Chicle Co., 23 B.T.A. 221.
The respondent undoubtedly does not dispute the general principles here announced, for they are in accordance with his regulations, articles 68 and 176 of Regulations 74, but he advances an exception to the general rule in this case by reason of the fact that the money used to retire the bonds was obtained from the sale of petitioner’s stock, under the tei’ms of which sale it was understood that the bonds would be retired. By reason of these circumstances respondent takes the position that the cost of retiring the bonds was an expense incurred in connection with the issuance of the stock, and, as the expense of securing additional capital by way of a stock issue may not be deducted as an ordinary and necessary business expense, the deduction sought should be disallowed. Emerson Electric Co., 3 B.T.A. 932.
Where the bonds are retired by payment of the indebtedness in cash, it does not seem to us important how the obligor secured the money to discharge the obligations. The fact that the money was obtained by the issuance of stock rather than out of earnings is not here controlling. It is the discharge of the obligation that creates the occasion for writing off the unamortized portion of the discount and expense and any premiums paid in connection with the retirement of the bonds. The case is ruled by East Ninth Euclid Co., supra, and the petitioner must prevail. See also American Chicle Co., supra; Indiana Lamp Corp., 28 B.T.A. 491. In the last cited case we specifically held that the payment of a premium on the retirement of bonds gives rise to a deductible loss.

Decision will be entered under Bule 50,